HARVARD LAW LIBRARY

*Litchfield,*
June, 1846.

Holabird
*v.*
Burr.

## HOLABIRD against BURR and others:

### IN ERROR.

A mistake in the draft of a deed may be corrected in a court of chancery, not only as against the party himself and his heirs, but against others.

It is not necessary to take issue formally upon the matters alleged in a remonstrance to the report of a committee in chancery.

Where the plaintiffs, in a bill of foreclosure, stated, that they were informed that *H*, one of the defendants, had a mortgage subsequent to theirs; and from the report of the committee, it appeared, that this fact was in effect admitted before them, but it was not explicitly embraced in the finding; it was held, that this was not a sufficient ground for reversing a decree in favour of the plaintiffs.

Where a bill of foreclosure proceeded against *H*, one of the defendants, as second mortgagee; and *H* did not directly deny the priority of the plaintiffs' deed, but asserted only that his deed was of *the same date* as theirs; it was held, that the fair inference from this was, that *H's* deed, though of the same date as the plaintiffs', was subsequent in time, and was no answer to a decree against him as second mortgagee.

Where *H*, a second mortgagee, entered into possession, and the committee, in taking the account, charged him with the rents and profits; to which he objected, claiming that he entered with a view to apply them on his own mortgage, and then made a special arrangement with the mortgagor respecting the application of them; it was held, 1. that the views or intentions of *H*, when he entered into possession, were immaterial; 2. that as the evidence before the committee did not fully appear, the court could not say that there was error in law in the doings of the committee.

A party to a bill in chancery, which has been referred to a committee, cannot set out the evidence before the committee, especially where it does not appear to be all the evidence, for the purpose of showing that they have not come to a correct result; and if the matters so stated are demurred to, this will not make them any more available, as a demurrer does not admit facts which the rules of law do not allow to be proved.

*It seems,* that a second mortgagee is properly chargeable with rents and profits accruing while he was in possession, which were applied to reduce his liabilities on debts for which he was surety.

In taking an account of rents and profits, on a bill of foreclosure, the party may be charged, not only to the date of the bill, but down to the time of the report.

Where the bill set forth contemporaneous mortgages to the plaintiffs and to *S*, to secure separate debts, and averred, that on or about the 1st of *April* 1841, *H* became vested with the interest of *S* in the premises, and that, by virtue of the assignment to him of such interest, *H*, on the same day, entered into possession, and ever since has had possession, taking the rents and profits; and the committee found, that the assignment of *S's* mortgage to *H* was made on the 6th of *April* 1841, and that on or about the 6th of *April* 1841, *H* entered into possession of all the mortgaged premises, taking the rents and profits to himself; the committee taking no notice of any other title of *H*; it was held, 1. that it was a fair inference from the bill and finding, that the entry of *H* was under

and by virtue of this title; 2. that by virtue of such assignment, *H* became a joint mortgagee with the plaintiffs, and had a right of possession with them; 3. that he was, consequently, accountable to them as joint owner.

Where a decree, passed, in such case, between the plaintiffs and *H*, found, that there was a certain sum due on the mortgage assigned by *S* to *H*, *deducting the rents and profits*, leaving the question open as between *H* and *S*; it was held, that this decree was not erroneous, on the ground that it deprived *H* of his right to apply the rents and profits as he pleased.

*Litchfield,*
*June, 1846.*

Holabird
*v.*
Burr.

THIS was a bill in chancery, brought by *Milo Burr, Harry Coe,* as executor of *Seth Coe,* and *Roswell Marsh,* against *Chester Soper, Zebina Smith* and *William S. Holabird,* praying for the correction of a mistake in a mortgage deed executed by *Soper,* for an account of rents and profits, and a decree of foreclosure. The bill was dated the 21st of *July* 1841.

The bill stated, that on the 17th of *May* 1837, the defendant *Soper,* being indebted to the plaintiff and *Zebina Smith* in several separate debts, mortgaged the described lands, by deed of that date, to secure the payment; that one of the notes to *Roswell Marsh* was described, by a mistake of the scrivener, as a note for 260 dollars, dated 15th *November* 1834, whereas, in fact, it was a note for 264 dollars, dated 27th of *August* 1834; further alleging, that *Wm. S. Holabird,* as they are informed, has a subsequent mortgage of the same premises; and that about the 1st of *April* 1841, said *Holabird* also became vested with the interest of said *Zebina Smith* in the premises; and that by virtue thereof, he entered into possession of said premises, about said 1st of *April,* and ever since has had possession, taking the rents and profits.

A committee reported the mortgage and the mistake, as alleged in the plaintiffs' bill, and an assignment of *Smith's* interest to *Holabird,* on the 6th of *April* 1841; and that on or about that day, *Holabird* entered into possession of all the mortgaged premises, and for two years received the rents and profits.

To the acceptance of this report, *Holabird* remonstrated, (*a*) stating, that on the 17th of *May* 1837, he received from *Soper* a deed of the same lands, to secure him large sums due from *Soper,* and liabilities assumed for him, which is now a lien upon the premises, but which the committee have omitted to

(*a*) In the subsequent proceedings, *Holabird* is treated as the only party defendant and plaintiff in error.

*Litchfield,*
June, 1846.

Holabird
*v.*
Burr.

notice; and further alleging, that it was admitted and proved before said committee, that he, *Holabird*, entered into possession of said premises, except two dwelling-houses, with a view of taking the rents and profits to apply on his said mortgage; and before he received any part of said rent, he entered into an agreement with *Soper*, by which the avails of the crops of that year, were to be applied on certain specified notes, due from *Soper* to various individuals, which has been faithfully performed. And as to the two houses, he says, that it was admitted and proved, that they were occupied by *Phelps & Peet*, under a lease from *Soper*, to whom they paid the rent during the year following *April* 1841, and he ought not to be charged therewith.

The plaintiffs claimed, on the other hand, that these rents were to be applied, and were in fact applied, towards the payment of debts for which *Holabird*, the defendant, was bound as surety for *Soper*.

The defendant, *Holabird*, also claimed, that it was admitted and proved, that after the termination of his agreement with *Soper*, he remained in possession of that part of the premises, without any new arrangement, claiming to apply the rents and profits on his mortgage from *Soper*, which the committee did not allow. The remonstrance concluded thus : "All which he is ready to verify—judgment, &c."

The plaintiffs replied, that as to the deed of 17th of *May* 1837, to *Holabird*, it was not a matter in issue before the committee, as *Holabird's* right to redeem was not questioned, and is now, for the purposes of this case, admitted. As to the other allegations in the remonstrance, the plaintiffs averred, that they were contrary to the facts found by the committee, and that the defendant was estopped from showing them; and that the other facts were insufficient, &c.

The court adjudged the remonstrance insufficient, and accepted the report, and thereupon made a decree in conformity to the prayer of the bill.

The defendant thereupon filed his motion in error, seeking to reverse this decree, and assigned sundry causes of error; but it is believed that they are all referable to three heads : 1. that the description of the notes ought not to have been reformed; 2. that the remonstrance should have been held

sufficient to set aside the report; and 3. that he had been improperly held to account for rents and profits.

*Church* and *Holabird*, for the plaintiff in error.

*Seymour* and *Hall*, for the defendants in error.

WILLIAMS, Ch. J.   As to the first objection.   That a mistake, clearly proved in the draft of a deed, and even in its execution, may be corrected in a court of chancery, has been too often decided to be doubted.   *Smith* v. *Chapman*, 4 *Conn. R.* 344.   *Watson* v. *Wells*, 5 *Conn. R.* 468.   *Chamberlain* v. *Thompson*, 10 *Conn. R.* 246.   It is admitted, that this is so as it respects the original parties; but it is said, that as against third persons, it is otherwise.   This may be true, when the defect arose from a want of some statute requirement, as against a purchaser or creditor, without notice. *Champion* v. *Carter*, 8 *Conn R.* 550.   1 *Fonb.* 34.   But the mistake of a scrivener in the draft of an instrument, is as much a ground of relief, as fraud is.   2 *Atk.* 203.   1 *Pet.* 13.   For equity regards not the outward form, but the inward substance and essence of the matter.   1 *Fonb.* 36.   And it will not only grant relief against the party himself and his heirs, but against his assignee and creditors, if he become bankrupt. *Taylor* v. *Wheeler*, 2 *Vern.* 565.   And it is laid down by Chancellor *Kent*, that defects in mortgages contrary to the intention of the party, have also been made good against a judgment creditor, who comes in under the party who was in conscience bound to rectify the mistake.   *Gillespie* v. *Moon*, 2 *Johns. Ch. R.* 600.   This court too, in a case, which, on the principal point, is overruled, recognized this as a principle of chancery, and held, that a second mortgagee had such constructive notice of the fact, as must put him on enquiry. *Peters* v. *Goodrich*, 3 *Conn. R.* 150.

The other causes of error, it is to be remarked, are not to the decree, or the report, except so far as affected by the remonstrance; and although it is manifest, that the report is very loosely and inartificially drawn, we are to be confined to the causes of error assigned.

Do the facts, then, in this remonstrance, form a ground of reversal?

HARVARD LAW LIBRARY

*Litchfield,*
June, 1846.

Holabird
*v.*
Burr.

One cause assigned is, that an issue was tendered, which was not met or answered. We do not think that this kind of special pleading is to be encouraged, in this stage of proceeding. But the defendant will have the benefit of this exception, under the question whether his remonstrance is sufficient. Are there then such facts stated, as show that the report should be set aside?

One fact stated is, that the committee have wholly omitted to find, that the defendant had a deed of the land described of the 17th of *May* 1837.

The plaintiffs answer this, by saying, that this was not a matter in issue ; *Holabird's* right to redeem, not being questioned before the committee. It would then seem to be a fair inference from the facts there stated, in connexion with the allegation in the plaintiffs' bill, " that they were informed that *Holabird* had a subsequent mortgage ;" and that this was in effect admitted before the committee. But the committee do not find such to have been the fact. An allegation in this form, in a court of law, would not impart sufficient certainty ; but as the case may be, it might be all a party could safely allege in his bill ; and if not true, it would be easy for the defendant to disclaim any such intent to relieve the case from any such embarrassment. If he did not do this, it would be reasonable to suppose he had that intent : at all events, a decree against him as a subsequent mortgagee, could do him no possible injury, as it imposes upon him no obligation but one arising from that condition.

Still it may be said, a decree against one who has no interest, must be erroneous ; and no interest is found. But the defendant has come into court, and by his remonstrance, has shown to the court, that he has an interest in this land. He ought, therefore, to be foreclosed, unless that interest is prior in time to that of the plaintiffs. And this brings up the question, which it is supposed this remonstrance meant to present to the court.

The defendant says, he had a deed of the same date with that of the plaintiffs, dated 17th *May* 1837. He asks this court, therefore, to say, that a decree of foreclosure should not pass against him ! Can we do this?

The plaintiffs come into court, claiming a foreclosure against the defendant, as a subsequent mortgagee. The

parties go before a committee, where the principal question is as to the account. No question is made that the defendant's deed is prior to or simultaneous with that of the plaintiffs against the defendant. On this report, by way of objecting to any decree against him, he comes before the court, and says, not that he has a prior deed, or one simultaneous with that of the plaintiffs, but that he has one of the same date.

The plaintiffs' case proceeds only upon the ground, as it respects this foreclosure, that their deed is prior in time to the defendant's; and now the defendant, instead of simply denying that fact, draws away the attention of the plaintiffs, and of the court, from that fact, by asserting another, that his deed bears the same date with the plaintiffs'; and he insists, that the plaintiffs shall prove, that the defendant's deed was subsequent to theirs. And so certainly they must, if he had denied the priority of theirs. This he has omitted to do, in his answer, or before the committee; and now does it only by saying it is of the same date with that of the plaintiffs; by which he in effect admits it to be what the plaintiffs say it was, unless its being of the same date necessarily imports a denial. But it is well settled, that two instruments may bear the same date, and yet one be after the other: prior in date, it has been held, means prior in time. *Brown* v. *Hartford Ins. Co.* 3 *Day* 58.

If then the defendant wished to prevent the court from making a decree against him, as a subsequent mortgagee, it is not requiring too much of him to say, he must deny the fact directly, and not in a manner which impliedly admits it.

How stand the parties here? The plaintiffs have alleged that the defendant was a subsequent mortgagee. This he has never denied; but only says, his deed is of the same date with the plaintiffs. The facts stated by the plaintiffs and defendant, then, are consistent with each other; for the defendant may have a deed of the same date with the plaintiffs, and yet be subsequent;—and as the remonstrance was intended to prevent this decree, and yet has certainly avoided a denial of the fact that the defendant's deed was subsequent to the plaintiffs, we think the fair inference is, that although the defendant's deed is of the same date with the plaintiffs, yet it is in fact subsequent in time.

What was omitted by the report, is, in point of fact, supplied

Holabird
*v.*
Burr.

by the defendant himself; and we cannot therefore say, that there is any error on this point.

If it be said, that the facts found do not warrant the decree, we only say, that it is not one of the causes assigned for error.

But the defendant sets up facts in his remonstrance, tending to show that he has been improperly charged with rents and profits of the mortgaged premises.

To show that he should not have been charged at all, he gives a history of his transactions with *Soper,* the mortgagor; and his agreement with him as to the appropriation of the crops for the first year; and that after that time, he continued in possession, without any new arrangement; and claims a right, during that time, to have the avails applied on his mortgage from *Soper.*

The plaintiffs claim, that this is in effect averring against the facts found by the committee; and it seems to the court very much like an attempt to review the doings of the committee.

*Holabird* admits he went into possession, and received the rents and profits of part of the premises; but that he entered with a view to apply them on his own mortgage, but before he received any rent, he made an arrangement with *Soper,* by which certain debts were to be paid, on which, the plaintiffs claim, *Holabird* was surety. The views or intentions of *Holabird,* when he entered into possession, do not seem to have been important. The question was, whether he entered into possession under the *Zebina Smith* mortgage, and received the rents and profits. He admits, he entered into possession, and that the profits were applied to certain debts of *Soper,* which, the plaintiffs say, were also his debts, as surety of *Soper.* This fact he does not deny. We certainly, therefore, cannot say, that the committee were not right, when they charge him with the rents and profits. Besides, it is not alleged, that this was all the evidence before the committee. We cannot, therefore, in this manner, settle that question. Certainly we cannot say, there is error in law.

Again, it is objected, that the rent of the houses occupied by *Phelps & Peet,* ought not to be charged in the account with *Holabird.*

This again is rather a question of evidence than of law. It is plain, that these men might have occupied the house in fact,

and yet the defendant become accountable for the rents and profits.

*Litchfield,*
June, 1846.

Holabird
*v.*
Burr.

But he insists, that they occupied under a lease from *Soper*, and that he paid him the rent. We do not see what this can mean, except to say, that they did not pay him, *Holabird*, the rents, and he did not receive the profits ; and this is nothing less than to say, the fact, as found by the committee, is not true.

The defendant, in answer to this, says, that the facts he states are demurred to ; and therefore, they are to be taken as admitted. The demurrer, however, only admits the truth of facts well pleaded ; and if it is not competent for a party to set up new facts in the face of facts found by a committee, then we do not see, that the demurrer admits them, any further than to say, that these are facts which the rules of law will not admit you to prove. The defendant is setting out what he says was the evidence before the committee, in order to show that they have not come to a correct result. If, instead of traversing, the plaintiffs had denied, the statement of the defendant, this court must have gone into an enquiry what was the evidence before the committee, and then decided whether they had properly weighed that evidence. We can no more do this, in a court of chancery, than in a court of law ; and such a practice would render almost useless a trial by a master in chancery, or a committee appointed in his place. Neither in this part of the case, nor in the last, is it averred, that all the evidence is before us, which was before the committee. We are not, therefore, called upon to decide the case upon that ground. If we were, we surely could not say, if the plaintiffs are right, that these rents were applied to reduce *Holabird's* liabilities on debts for which he was surety, as matter of law, that the defendant did not receive the rents and profits.

Again, it is said, that *Holabird* is charged, down to the time of the report, with rents and profits, whereas he should have been charged only to the date of the bill. This objection, if sustained, would probably have made all the others of no importance ; for as the defendant entered into possession on the 6th of *April*, and this bill was brought on the 21st of *July*, there must have been little or nothing to account for. No objection seems to have been made before the committee, on

HARVARD LAW LIBRARY

*Litchfield,*
*June, 1846.*

Holabird
*v.*
Burr.

this ground ; and we should regret, if the law compelled us to open sources of litigation like this.   At first, it may seem singular, that the plaintiffs should call upon the defendant to account for what he had not received, when the call was made.   But the object of all suits is to do justice between the parties.   If we could administer justice as they do in some despotic countries, where a complaint, a trial and judgment, are but the work of a day, there could be no difficulty.   But here, where the trial may be years after suit commenced, it seems important that the result should be, as far as possible, the termination of the cause of complaint.   Therefore, where an assault and battery has been committed, we allow evidence of the condition of the injured person down to the time of trial ; and in an action on a note, we allow interest to the day of the judgment.   A technical difficulty was started in *Robinson* v. *Bland,* 2 *Burr.* 1086. but Lord *Mansfield,* with his liberal views of justice, easily overcame it ; and it is remarkable, that the very case by which he illustrates his argument there, is that of the action of account, in which, he says, all articles, though incurred since the writ, shall be included, and the whole brought down to the time the auditors make an end of their account.   Surely, a court of equity will go as far to carry out principles of justice, and stop litigation, as a court of law.   We think too, this point was substantially decided, in the case of *Smith* v. *Brush,* 11 *Conn. R.* 366.

Another ground of error is also assigned, in applying the rents on the *Zebina Smith* mortgage, and not on the mortgage to *Holabird.*

Now, it is certainly true, that the finding of the committee is very loose.

The bill charges, that under and by virtue of the assignment of *Smith's* mortgage to him, the defendant, *Holabird,* entered into possession of the premises.   It is true, the committee do not find, in terms, that *Holabird* entered under said assignment from *Zebina Smith.*   They do find, however, that the assignment of *Smith's* mortgage to *Holabird,* was made on the 6th of *April* 1841 ; and that on or about the 6th of *April* 1841, *Holabird* entered into possession of all the mortgaged premises, taking the whole rents and profits.   It is also to be observed, that the committee take no notice of any other title of the defendant, *Holabird,* as he complains, in another

part of this case, when they speak of this title under *Smith*, and of his entry, in immediate connexion with it.   Is it not a fair inference, that this entry was under and by virtue of this title? We cannot think, that such an inference was so far from correct as to be a subject of error—more especially, when the defendant, when setting out his claim in his remonstrance, does not venture to say under what title he did enter.   By virtue of the assignment and deed of *Smith*, *Holabird* became a joint mortgagee with the plaintiffs; as such, he had a right of possession with them; and had they brought a suit against him after he took his deed from *Smith*, we do not see how they could have obtained possession.   What more reasonable, than that he should be accountable to them as a co-tenant, or joint owner of the property?   He claims, that he made an agreement with *Soper*, to apply these rents, in a given way, to pay his debts.   It would seem inequitable, that he should thus fence *Soper* against the claims of the other creditors, and not be chargeable with the rents and profits.   1 *Vent.* 270.

But it is said, that where there are several debts, and a debtor does not make application of money paid, the creditor may do it ; and so the court should not have applied this to the *Smith* mortgage, as *Holabird* wished to apply it on the other.   As between *Holabird* and *Soper*, this is true.   But the court have not settled their rights.   The decree is between *Holabird* and the plaintiffs ; and it finds there is due on *Z. Smith's* note such a sum, deducting the rents and profits, leaving the question open as between him and *Soper*.   The court only say, that as between these mortgagees, the account shall be settled on this principle; and we do not see why, as between these parties, it is not just and equitable.

We think, therefore, the grounds of error assigned, are not tenable, and affirm the judgment.

In this opinion the other Judges concurred.

Judgment affirmed.