TYLER, Receiver, &c. *vs.* WILLIS.

In an equity action for an account, sums received by the accounting party after the commencement of the action may be included in the account taken; but in case those sums are not included, the party entitled to them is not precluded, by the judgment, from commencing another action to recover the amount.

THE plaintiff is a receiver of Daniel W. Whitney, a judgment debtor, appointed in proceedings supplementary to execution, and this suit is brought upon a claim belonging to the plaintiff, as such receiver. Whitney assigned to the defendant a lease and a mortgage, to be held by him as collateral security for certain indebtedness of Whitney to the defendant. The plaintiff claims that the defendant has been more than paid out of the proceeds of these securities, and on the 10th day of March, 1858, the plaintiff commenced two suits against the defendant. One on contract, for the sums collected by the defendant out of these securities, over and above the payment of Whitney's indebtedness to him, and a second suit for relief, asking judgment that the defendant assign and transfer those securities to the plaintiff. Both suits were referred to a referee. The last mentioned suit—the suit for relief—was tried first, and after the testimony was all in, and the referee's report made, a motion was made on the part of the defendant that both suits should be consolidated into one, which was granted; whereby the parties were directed to merge both causes of action into one complaint, and both answers into one, and the referee was directed to report at once in the consolidated suit, without receiving any further testimony; which was done, and judgment was entered in the consolidated suit in favor of the plaintiff, directing the defendant to assign those securities to the plaintiff, and finding the amount in the defendant's hands, at the beginning of those suits, over and above the amount due to the defendant, and directing judgment against the defendant for such amount; which judgment was affirmed at the general. term of this court. Subsequently to the commencement of those

suits the defendant continued to collect, from time to time, upon those securities held by him ; and this suit was brought to recover from him the sums so collected during the pendency of those suits. The defendant, on the trial of this suit, moved to dismiss the complaint, on the ground that the right of the plaintiff to recover these sums was *res adjudicata,* and that the cause of action in the first two suits, afterwards consolidated, embraced and covered the cause of action in this suit, and the judgment therein obtained was a full determination of all the matters in controversy between the parties, and a complete bar to the plaintiff's recovery in this action. The judge at the circuit refused to dismiss the complaint, and ordered judgment for the plaintiff, subject to the opinion of the court at the general term.

*W. G. Brown,* for the plaintiff.

*Max Goepp,* for the defendant.

*By the Court,* LEONARD, J. A judgment docketed or enrolled is *res judicata,* as to the matter in controversy, until reversed or vacated.

In an equity action for an account, sums received by the accounting party after the commencement of the action may be included in the account taken ; but in case those sums are not included, the party entitled to them is not precluded from commencing another action to recover the sums not included in the former accounting.

The judge at special term having consolidated two former actions, and precluded thereby the giving evidence of the receipts of money subsequent to the commencement of those actions, and that order having been acquiesced in by the parties, the case here is relieved from the difficulty that might have otherwise arisen.

Judgment for the plaintiff on the verdict, with costs.

[NEW YORK GENERAL TERM, September 16, 1861. *Clerke, Ingraham* and *Leonard,* Justices.]