Daniels, J
The judgment was recovered for the balance of an account found due to the plaintiff from the defendant, *91 as an agent employed under an agreement for the publication and sale of the German-American Cyclopedia. A contract in writing was entered into between the parties for this purpose on the 21st day of December, 1871, and the defendant entered upon the employment and business of the agency on or about the thirtieth day of that month. The contract provided the compensation which should be received by the defendant for his services in printing, publishing, and selling the Cyclopedia, and on the 4th of August, 1876, an action was commenced by the plaintiff against him for an accounting, and upon the trial an interlocutory judgment was rendered directing the accounting which should be taken. That was afterwards taken before a referee and -final judgment recovered for the amount found due upon the statement of the accounts, on the 18th of April, 1883. The business of the agency continued after the commencement of that action, to and including the first of July, 1880, and for the balance found due upon that continuation of the business, judgment was recovered in this action upon the referee’s report.
The defendant, upon the trial, relied upon the first judgment as a bar-to this action and the accounting which took place in it; but the first action included no part of the accounts, which were considered and settled in this suit. They were excluded from the accounting by the language of the interlocutory judgment proposed in the first action by the defendant, and allowed in that form by the court. By that judgment the accounting, in the first action, was directed to take place from the 1st of July, 1874, to the time of the commencement of the action, and by that direction all the transactions included within the present suit were excluded from inquiry and settlement in that action. Bor the business transacted after the commencement of the first action the defendant continued to render accounts to the plaintiff, and those accounts formed the basis of the accounting in this action which took place before the referee. It was certainly within the power of the court, when the interlocutory judgment was directed in the first action, to require the accounting to be extended to the time when the proceeding for that purpose was concluded before the referee appointed therein. That is the ordinary course pursued when accounts become the subject of settlement by suits in equity. Bulstrode v. Bradley, 3 Atk., 582; Holabird v. Berr, 17 Conn., 556; Bell v. Read, 3 Atk., 591; Crosbie v. Leary, 6 Bosw., 312.
But by the practice pursued at the election of the counsel for the defendant himself, and assented to on behalf of the plaintiff, the accounting in the first action was not taken in that manner. Their conduct and acts were such as to *92 evince the election on the part of both, that the accounting at that time to be taken should terminate with the commencement of the action in which it.was directed. And after adopting that mode for the settlement and determination of the suit, the defendant is not at liberty in this action to claim that it should have been extended over the period included within, the present action. This point, under a. state of facts quite similar to those in this action, was decided in Tyler v. Willis (13 Abb. Pr., 369), when it was held by the general térra that a former judgment recovered upon a restriction of this description, was not a bar to another action for an accounting, including the dealings between the parties, after the commencement of the preceding suit, and "the termination of their business.
The parties proceeded with their transactions upon this, theory. The defendant continued to carry on the business of the agency as he previously had done, and rendered accounts to the plaintiff exhibiting its state and condition. A large amount of the' plaintiff’s property was in his hands devoted to the uses and purposes of the business, which it certainly was not the intention of the parties should be controlled, or governed, by the disposition of the preceding suit.
The referee was right in determining that the judgment,, in that action, was no bar to the settlement of the accounts of the parties for their subsequent transactions, and the recovery by the plaintiff of the balance, appearing to be unpaid upon those accounts.
The defendant claimed a large amount for the storage of the stock and plates which were in his possession under the contract and in the business. These charges included the storage of the property not only from the time of the commencement of the other suit, but from the 1st day of January, 1872. As to the charges for storage to and including the 1st of July, 1876, they were necessarily a portion of the accounting in the first action, and not having been presented during its trial and hearing were excluded from the controversy in this case. But beyond that, the contract between the parties entitled the defendant to no compensation for the storage of this, property, either before or since the commencement of the first suit. What he was to receive out of the enterprise provided for in the agreement, was expressly mentioned, and that consisted of a certain portion of the proceeds of the business itself. This was to be determined by the amount and extent of the publications, and from the proceeds of their sales the defendant agreed to pay the plaintiff certain stipulated sums of money, the residue being retained by himself. The agreement carefully provided for the relations of the parties and their obligations *93 in carrying on this business, and the services to be performed in it as well as the disbursements attending it were, according to the construction the contract is entitled to receive, to be borne by the defendant and not by the plaintiff. What the plaintiff bound himself to do was to give this business to the defendant, as he afterwards did, and for its transaction by him he undertook to make stipulated returns by the way of compensation to the plaintiff. These stipulations in the agreement excluded the right of the defendant to charge for the storage of the plates and the stock while the business was in progress between the parties. That they were so intended and understood is further shown by the answer of the defendant interposed in the first action, in which it was stated by him that the written agreement hiad undergone certain modifications, and that he had undertaken to store the entire stock on his premises, and to account for the copies of the cyclopedia actually sold. As the rights and obligations of the parties were defined by their agreement, no legal claim existed on the part of the defendant for the storage of this property, and the referee was therefore right in excluding all the charges contained in the defendant’s accounts of this description.
The referee was also warranted in charging the defendant with interest upon the balances found due from him in the adjustment of the several accounts, for those balances consisted of moneys which the defendant had received in the course of the business for, and should have paid over, to the plaintiff. It was the plaintiff’s money from time to time remaining in the defendant’s hands, of which he had the use, benefit and advantage, and for that advantage the law will subject him to the payment of interest. The case in this respect differs from those upon which the counsel for the defendant has relied in support of the objectiqn taken to this allowance. They were actions of an entirely ■different description and did not include the recovery of money in the hands of the defendants belonging to the plaintiffs. The case appears to have been correctly disposed of by the referee in his report, and the judgment entered upon it should be affirmed, with costs.
Brady, J., concurs.