[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
This is a foreclosure action in which plaintiff Electric Boat Community Federal Credit Union seeks in the first count of the complaint to foreclose a mortgage on real estate in which defendant Connecticut National Bank (hereinafter "CNA") claims an interest by virtue of an attachment and judgment lien. In the second count of the complaint, the plaintiff seeks reformation of the legal description contained in the mortgage deed by which it acquired its interest as a mortgagee in the real estate.
CNB has filed a special defense in which it claims that its judgment lien is prior in right to the plaintiff's mortgage and, therefore, is not subject to foreclosure by the plaintiff. The plaintiff has filed a motion for summary judgment in its favor on the second count of its complaint and on CNB's special defense.
The following facts are alleged in the plaintiff's complaint and are not contested:
On August 11, 1987, defendants Louis Salerno, Jerome Zrenda and Nicholas Orobello, d/b/a Niantic Property Associates (hereinafter "NPA"), executed a mortgage deed in favor of the plaintiff as security for a promissory note. CT Page 2962 Schedule A attached to the deed described the mortgaged property as "Unit number 5B, of Gallup Hill Condominium," located in the town of Ledyard. On August 12, 1987, the mortgage deed was recorded in the Ledyard Land Records.
On August 7, 1990, CNB recorded a certificate of attachment against NPA, indicating that Unit 3B of the condominium complex had been attached in connection with an action commenced by CNB against NPA. CNB thereafter obtained a judgment lien on the property described in the certificate of attachment and recorded the lien in the Ledyard Land Records on January 17, 1991. On February 27, 1991, CNB recorded a lis pendens giving notice of CNB's pending action to foreclose the judgment lien.
In the first count of the plaintiff's complaint, the plaintiff claims a right of foreclosure against NPA's mortgage to it and alleges that CNB's interest in Unit 3B is subordinate to the plaintiff's mortgage. In the second count, the plaintiff claims a right to reform NPA's mortgage to it. The plaintiff alleges that the property description in the mortgage is incorrect and that the plaintiff and NPA intended to mortgage Units 3B and 3C, not 5B.
On July 1, 1991, CNB filed its answer and a special defense, claiming that its judgment lien is prior in right to the plaintiff's mortgage and, therefore, is not subject to the mortgage. On November 7, 1991, the plaintiff filed its reply to CNB's special defense and a motion for summary judgment on the second count of its complaint and on CNB's special defense.
Summary judgment shall be rendered only where the moving party demonstrates that "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. . . . The test for granting summary judgment is whether the moving party would be entitled to a directed verdict on the same facts." Wilson v. New Haven,213 Conn. 277, 279-80 (1989).
The plaintiff contends in support of its motion for summary judgment that it is entitled to reform the mortgage deed by correcting the property description to conform with the actual intent of the parties. In support of its contention that the property description contained in the mortgage deed does not reflect the actual intent of the parties, the plaintiff has provided affidavits which establish that the plaintiff and NPA intended to mortgage Units 3B and 3C and that the reference to Unit 5B in the property description in the mortgage deed is the result of inadvertence. CT Page 2963
CNB does not contest the plaintiff's allegation that the mortgage deed mistakenly contains the wrong property description. CNB contends, however, that it qualifies as an attaching creditor which relied on the land records without notice of the mistake. CNB, therefore, argues that equity bars the plaintiff's claim for reformation on the basis that reformation is not allowed where its effect would prejudice the rights of innocent third party creditors.
In Greenwich Contracting Co. v. Bonwit Construction Co., 156 Conn. 123, 126 (1968), the Supreme Court said:
 A cause of action for reformation of a contract rests on the equitable theory that the instrument sought to be reformed does not conform to the real contract agreed upon and does not express the intention of the parties and that it was executed as the result of mutual mistake, or mistake of one party coupled with actual or constructive fraud, or inequitable conduct on the part of the other.
The Appellate Court, in discussing the applicability of reformation in the context of an unrecorded deed, stated in Prudent Projects v. Travelers Ins. Co., 3 Conn. App. 429, 431
n. 3 (1986):
 Connecticut, unlike the majority of the states does not allow parties to a reformation to avoid the interests of intervening lien creditors. While most states do allow such a result, this view stems from their consideration of lienors as something less than bona fide purchasers. . . . In Connecticut, however, judgment lien creditors are afforded the status of bona fide purchasers and they do obtain priority in title over grantees under unrecorded deeds.
In the present case, the plaintiff's mortgage deed was recorded, but it referenced the wrong property description. The plaintiff cites Holabird v. Burr, 17 Conn. 556
(1846), in support of its contention that a mortgage deed which is duly, but mistakenly recorded, may be reformed against third party creditors. In Holabird, the recorded deed mistakenly listed an incorrect mortgage amount and the court CT Page 2964 held that the attaching creditor was bound by the reformed mortgage. The court said, however, that an error in the deed may not be corrected "as against a purchaser or creditor, without notice." Id. at 559.
The purpose of land records is to provide notice of the status of title and the encumbrances affecting such title. See Connecticut National Bank v. Lorenzato 221 Conn. 77,81-82 (1992). Thus, "(e)rrors and omissions in the recorded mortgage that would not mislead a title searcher as to the true nature of the secured obligation do not affect the validity of the mortgage against third parties." Dart Bogue v. Slosberg, 202 Conn. 566, 579 (1987).
The standard to be applied in determining the validity of an imperfectly recorded mortgage is whether "the mortgage, as recorded, contains sufficient information to put a title searcher on inquiry" Connecticut National bank v. Lorenzato, supra at 83.
In the present case, the recorded mortgage erroneously listed the wrong property description. An incorrect property description in a recorded mortgage fails to provide reasonable notice to third parties of the obligation that is secured. Further, the plaintiff has not alleged that CNB had actual notice of the error, nor does the plaintiff provide documentary evidence to demonstrate the existence of constructive notice. Where "there appears to be nothing on the face of the recorded deed to put a title searcher on inquiry about the error or omission," constructive notice will not be presumed. Id. at 84.
For the foregoing reasons, the plaintiff's motion for summary judgment on the second count of the complaint and on the defendant's special defense is denied.
HENDEL, JUDGE.